Mr. Hayes raises three issues in his brief. The first is the unlawful use of a weapon, criminal history points, the three points that he received the government concedes shouldn't have been given in light of this court's Jenkins and Gill decisions. So I'm going to focus on the remaining points. Before we get past that, however, I had been wondering whether there were any indications of a plea bargain in that underlying case. And it looks like Mr. Hayes admitted to armed robbery and told the police officer, at least that's what the PSR tells us. Would you agree that if we need to remand for consideration of his criminal history, the district judge is entitled to consider the facts and circumstances that led to that conviction? Cedric Hayes Of course, 3553A is very broad. However, to now import additional documentation does present a bit of a problem if the government was to make essentially an aggravation argument in support of criminal history. I think that the WIS and NOBLE lines of cases suggest that you should come in with that evidence at the appropriate juncture. It's in the PSR at this point. Now, maybe they can come back with more. Does Mr. Hayes dispute the arrest report or do we know? Cedric Hayes I don't know, Your Honor. All I know is that this is an AUW criminal history issue and the government has conceded it. Judge Goldberg Well, it's on a plain error standard given the admission of armed robbery. It's a little hard for me to see a great injustice here. Cedric Hayes Different elements of the offense. We have the unconstitutionality of the AUW convictions in the Illinois Supreme Court cases of Aguilar and Burns. So that takes into a whole different category. What you're talking about, as I understand it, is 3553A factor and that's still relevant, of course. But I don't think it takes us out of the plain error issue and my client's ability to get relief under even that difficult standard because it's unconstitutional. The conviction is unconstitutional. The criminal history points come off the books. And that's consistent with the application note for that particular guideline. Judge Goldberg So the lesser offense is unconstitutional, but the admitted armed robbery didn't turn out to be the offensive conviction. Cedric Hayes Which is very significant. Judge Goldberg Well, it may or may not be, but that may have to be up to the district judge. Cedric Hayes Well, again, for purposes of 3553A, it's extremely broad. Judges can consider many things. But for the criminal history, the I'll move on to the second point, and that is the judge erred as a legal matter when he imposed the enhancement for the altered serial number. The government sought the enhancement because paint was said to Judge Goldberg So I'm curious. What is a paint-like substance? Cedric Hayes It's what the PSR said, and I couldn't tell you. It paints paint. Judge Goldberg It's in the plea bargain, right? It's just stipulated by the parties that it's been covered by a paint-like substance. The parties must know what they're stipulating to. Cedric Hayes I don't know if it's shellac or if it's something that's not paint but is in the general category, but it says paint-like, and I don't know. Judge Goldberg Okay, we will just stop with the face of the stipulation. Curiosity is not paying off today. Cedric Hayes Right. Well, the government may have more information for you on that, Your Honor. But all I know is that it was said to be paint-like substance and said to cover. And yet we don't have a picture to show us anything about how it covers or how it appears. There were no factual determinations by the judge, and that's really important here. Judge Goldberg My concern there, though, is given the factual stipulations in the plea bargain, the plea agreement, given the PSR, you seem to be saying that the judge was obliged to hold an evidentiary hearing on this without the defense having offered any other evidence that I could see. Did I miss something? Cedric Hayes The plea agreement's not exactly clear on what they're admitting to. Of course, my client is contesting. Judge Goldberg Reserving the right to dispute it, but with what evidence? Cedric Hayes I think the burden is on the government to show that the enhancement applies. We start there. Judge Goldberg Okay. You can't read the... It looks to me like it's agreed that you cannot read the serial number. Cedric Hayes Because it has been obscured by this paint-like substance. Judge Goldberg When the enhancement is challenged, I think that tees up the factual issue for the district court to make a determination under the Dean decision in this court, and the judge instead said almost, I won't say quite like Your Honor, but he was in disbelief that there was any contest on the legal applicability and made no factual determinations. Cedric Hayes Just so we're clear, though, the defense offered no evidence to dispute what was in the plea agreement or the PSR. Judge Goldberg Right, but my position is that under Dean, he should have been given the opportunity and instead the judge didn't take any additional evidence, didn't take any evidence, accepted the government's position as a factual matter and then reached a legal conclusion. Cedric Hayes You read Dean as saying the judge has an obligation to hold a hearing on evidence that has not been proffered? Judge Goldberg I think that it was put in contest, and therefore the judge did have an affirmative duty at that point to resolve the factual issue before moving to the legal. Cedric Hayes What evidence did the defense, what evidence would the defense present now? Judge Goldberg I would like to see the gun. I've not seen it. It's nothing that's been produced as part of the record to the district court, so once the defense has an opportunity, and I don't know if the defense counsel looked at that or not, Judge, I assume that he did, or she did rather. Cedric Hayes This sounds like just a complete swing and a miss in the district court on factual issues. By whom am I missing? By the defense. If you've got something to, if you disagree with what's in the plea agreement, disagree with what's in the PSR, come forward with it. Judge Goldberg Very well. There's nothing. I don't have anything, and this court doesn't for that matter either. We have the representations of the, that are contained in the PSR. It's a paint-like substance. It covers something that was the place where the serial number was, but that, even if we're to call that one for the government and place the error on the defense, we still have a problem, and it results in a incorrect imposition of the sentence here. The enhancement cannot be applied unless the government meets its burden in the, of showing that the paint-like substance has altered or obliterated the serial number. Is it your position, Mr. Hillis, that if it is possible to determine the serial number that the enhancement cannot apply? Judge Hillis I think that is a fair reading, but I'll tell you as a matter of this court's jurisprudence that that has not held sway, and so if you can use microscopy and extract what the information is, then the reduction of the metal substance down to where you need to have an intense forensic examination, that's been found to be sufficient. So that doesn't quite put you in a dictionary definition of what obliterated mean, which is to remove from any trace of what the thing is. But our position is more basic than that, Judge. It is, when you look at what altered and obliterated by being used in the same phrase by the commission, and you look at what the underlying statutory scheme was for the untraceability of weapons, we can determine here that without the necessary information from the commission to define this, that the inclusion of those two terms in a single phrase, the commission was not thinking that paint over a serial number would be sufficient to show that it has been altered or obliterated such that the enhancement should apply because the serial number is untraceable. With that, I'd like to reserve the balance of my time for rebuttal. Certainly, Counsel. Ms. Schneider. Thank you. May it please the Court, I'm Maggie Schneider, and I represent the United States in this matter. The District Court did not err by making the factual finding that it did that the serial number on the AK-47 at issue had been covered with a paint-like substance that prevented it from being visible. A factual finding that... Do you have any insight on what a paint-like substance is? Judge, I believe that language came from a report that was produced in Discovery as a description that was made by an agent who had recovered the firearm. You have no idea what it is? I don't, Your Honor. Okay. In any event, this factual issue, frankly, was undisputed at sentencing. This was a classic situation in which the defendant was agreeing to facts and reserving the right to dispute the legal issue of whether those facts amounted to an appropriate basis for applying the enhancement. As has already been noted, this was admitted in the plea agreement, not objected to in the PSR. There was no request to present additional evidence on this issue. Turning then to... What happens if the gun is just muddy? Pardon me? What happens if the gun is just muddy or there's a piece of tape over the... I don't think that would meet the standard that has been articulated in Salinas and Carter and the other cases because that standard requires a material change in a way that makes accurate information less accessible. I don't think something like that that could be anyone on the street handling the gun could clear away mud or pull off a piece of tape. They would know that that is not an untraceable firearm, which is what this enhancement is trying to get at, punishing is. Paint is not hard to remove from metal. Well, in this case, it required a laboratory to do polishing and apply a solvent before it was viewable. I mean, when it was recovered, it was deemed to be an obliterated firearm. Frankly, we didn't even... Well, that's not in the record. In any event, the standard that I noted that has been adopted in a number of circuit court cases is that it has to have been materially changed in a way that makes accurate information less accessible. The defendant hasn't articulated any compelling reason why this court should abandon what was stated in Salinas or create a circuit split with every other circuit court of appeals that has addressed this issue. The standard makes sense because it takes into account that the purpose of the enhancement is to discourage the use of untraceable weaponry, including ones that are made more difficult to trace due to defacement. Well, Ms. Schneider, one of the things that concerns me about this case is I don't think anybody cited the First Circuit's case in Adams, which is not under the sentencing guideline, but was decided under 18 U.S.C. 922K, which makes it an offense to transport, ship, or to possess, for that matter. I'm concerned that the guidelines are all nice in advisory now, but the legal arguments here have pretty clear implications for 922K. I don't think the Adams case is inconsistent with your position, but I just want to throw out that I think we have to address the language with 922K in mind. I would agree that a ruling here could have implications for further application of 922K. I'm sorry, I'm not familiar with the Adams case that Your Honor references. Bottom line is it doesn't matter if a later lab analysis can raise a serial number. The point is that the intent of the enhancement is to punish individuals who believe that they are using, trafficking in, et cetera, guns where the serial number is not visible because that adds value to them because they think it's... Yeah, there's no intent requirement, right? That's correct, Your Honor. Under the guidelines... Or even a knowledge requirement. Correct. But I think that looks at it in a more of a... I think the purpose of the guideline is more of a general deterrence factor. It may be that the particular individual to whom the guideline is being applied in a particular case might not have known that a serial number was obliterated, although I think that is more likely to be something that they would know than, for example, that a firearm was stolen. But in general, the idea is to make criminal defendants aware that we don't want firearms out there that are difficult or impossible to trace and that that conduct will be punished. The district court did not err by applying the existing precedent that was available and applying the enhancement on the facts that were before it. As has already been noted, the government does agree that a remand is necessary in light of the error in the criminal history calculation that will require a resentencing, but we would ask that the court opine as to the applicability of the enhancement and agree that it was correctly applied here. And if there are no further questions, the government would respectfully request this remand for resentencing, but the guidance as to the application of the enhancement. Thank you. Thank you, Ms. Schneider. Anything further? Mr. Hillis? Yes. I'm troubled at the standard that the district court adopted from Salinas, which was decided on an Anders brief. And Salinas used unfortunate language, in my view, about if a serial number is unreadable to the naked eye, then the enhancement should apply. That's not the standard. That's not what the guideline says. The Sentencing Commission did not adopt that standard. We have to have something that is an alteration or an obliteration. Not visible to... What does it take? I beg your pardon? What does it take? How hard does it have to be? Pretty hard. It's got to be... Okay. I can write an opinion that says pretty hard. Sure. Can you be more specific? I will give you something to moor it to. Obliterated. It's not a coincidence that they use altered and obliterated in the same phrase. And so, if they were trying to hedge their bet that it could be something short of an obliteration to remove, to make it so that it's indiscernible completely, remove all trace... Okay. That sounds like the impossibility standard that you shied away from earlier. It gives us context, nevertheless, and the Supreme Court has said that these determinations need to be taken not just from dictionary. Yes. Let me just tell you what my concern is. My concern is that I don't think whatever standard is adopted should make it possible to defend a 922K prosecution, for example, by saying, well, did you try... You tried techniques A, B, and C to recover the serial number, but did you try X, Y, and Z? And if not, then I'm not guilty. Right. There are, of course, important features that the context of a criminal prosecution versus the enhancement are important. Proof beyond a reasonable doubt and a knowledge requirement would be something for the offense of conviction. We have here, indiscernible to the naked eye, or excuse me, unreadable to the naked eye is the standard that the district court applied. We can vacate and remand just on that basis because that's the wrong standard. And so far as what the right language is, Your Honor, I think that it is a tough task, but this standard of proof here with the facts don't satisfy. Thank you. Thank you, counsel. The case is taken under advisement.